1   ROB BONTA
    Attorney General of California
2   JANET N. CHEN
    Acting Supervising Deputy Attorney General
3   SARAH E. SINGER
    Deputy Attorney General
4   State Bar No. 242841
      600 West Broadway, Suite 1800
5     San Diego, CA 92101
      P.O. Box 85266
6     San Diego, CA 92186-5266
      Telephone:  (619) 321-5774
7     Fax:  (619) 645-2581
      E-mail:  Sarah.Singer@doj.ca.gov
8   *Attorneys for Defendants*
    *K. Estrada, R. Johnson and A. Ojeda*
9

10          IN THE UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                   WESTERN DIVISION

13

| | |
|---|---|
| 14 | |
| 15 **MONRELL D. MURPHY,** | **2:19-cv-05034-VBF-ADS** |
| 16 Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR** |
| 17 **v.** | **JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN** |
| 18 | **SUPPORT** |
| 19 **R. DIAZ, et al.,** | Judge:      The Honorable Autum D. Spaeth |
| 20 Defendants. | Trial Date:   None Scheduled |
| 21 | Action Filed: 6/10/2019 |

22        **TO THE COURT AND PLAINTIFF MONRELL D. MURPHY, PRO SE:**

23        **PLEASE TAKE NOTICE** that Defendants Johnson, Ojeda, and Estrada

24  ("Defendants"), under Federal Rule of Civil Procedure 12(c), move for judgment on

25  the pleadings to dismiss this action in its entirety, with prejudice, because Plaintiff

26  Monrell D. Murphy ("Murphy") released the claims asserted in this lawsuit, and

27  therefore the claims are barred by the doctrine of claim preclusion.

28  / / /

                                1

1    Defendants did not meet and confer with Plaintiff prior to filing this motion

2    because Murphy "is appearing *in pro se*, is in custody, and is not an attorney." C.D.

3    Cal. Civ. L.R. 16-12(c); see also C.D. Cal. Civ. L.R. 7-3 (exempting cases under

4    Local Rule 16-12 from meet and confer requirements).  Additionally, oral argument

5    is not requested because Murphy is a state inmate and proceeding *pro se*.  C.D. Cal.

6    Civ. L.R. 7-15.

7         This Motion is based on this Notice and Motion, the accompanying

8    Memorandum of Points and Authorities, Request for Judicial Notice, such other

9    matters as the Court may judicially notice, all pleadings and papers on file in this

10   action, and such additional argument as may be presented and deemed appropriate

11   by the Court.

12

13   Dated:  March 18, 2022          Respectfully submitted,

14                                   ROB BONTA
                                     Attorney General of California
15                                   JANET CHEN
                                     Acting Supervising Deputy Attorney General
16

17                                   /s/*Sarah E. Singer*
18                                   SARAH E. SINGER
                                     Deputy Attorney General
19                                   *Attorneys for Defendants*
                                     *R. Johnson, A. Ojeda and K. Estrada*
20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities..................................................................1

Introduction ............................................................................................................1

Plaintiff's Relevant Prior Litigation .....................................................................2

The Instant Action .................................................................................................4

Legal Standard .......................................................................................................5

Argument ................................................................................................................6

    I.      Claim Preclusion Bars Relitigating Claims After They Were Dismissed with Prejudice and After They Were Released As Part of a Settlement Agreement. ...................................................................6

         A.      Claim Preclusion Bars Claims That Were or Could Have Been Finally Litigated in a Prior Action...................................6

         B.      A Settlement Agreement Modifies the Claim Preclusion Analysis. ................................................................................8

    II.     Murphy Released Claims Asserted in This Action When He Voluntarily Agreed to Settle Kern...................................................9

    III.    The Court Should Dismiss This Action Because Murphy Already Brought and Dismissed with Prejudice His Claims in This Action....10

         A.      Murphy's Claims in Both Actions Share an Identity of Claims..................................................................................10

         B.      Murphy's Prejudicial Dismissal of Kern Is a Final Judgment on the Merits...........................................................11

         C.      Murphy's Current Claims Involve the Same Parties in Kern...11

Conclusion............................................................................................................13

1

**TABLE OF AUTHORITIES**

2

3

**Page**

4

**CASES**

5   *Ashcroft v. Iqbal*
        556 U.S. 662 (2009)..................................................................................5
6

7   *Bell Atl. Corp. v. Twombly*
        550 U.S. 544 (2007)..................................................................................5
8

9   *Boag v. MacDougall*
        454 U.S. 364 (1982)..................................................................................3

10

11  *Chavez v. United States*
        683 F.3d 1102 (9th Cir. 2012)..................................................................5

12  *Clements v. Airport Auth. of Washoe Cty.*
        69 F.3d 321 (9th Cir. 1995)......................................................................6
13

14  *Dworkin v. Hustler Magazine, Inc.*
        867 F.2d 1188 (9th Cir. 1989)..................................................................5
15

16  *Haines v. Kerner*
        404 U.S. 519 (1972)..................................................................................3
17

18  *Heliotrope Gen., Inc. v. Ford Motor Co.*
        189 F.3d 971 (9th Cir. 1999)....................................................................6
19

20  *In re Schimmels*
        127 F.3d 875 (9th Cir. 1997)..................................................................12

21  *Int'l Union of Operating Eng'rs. v. Karr*
        994 F.2d 1426 (9th Cir. 1993).........................................................7, 8, 11
22

23  *Kern, Monrell D. Murphy v. G. Jora, et al.*
        Case No. 2:20-cv-01726-KJM-DMC (E.D. Cal.) ................................3
24

25  *Klamath Water users Protective Ass'n, v. Patterson*
        203 F.3d 1175 (9th Cir. 2000)..................................................................9
26

27  *Klamath Water Users Protective Ass'n v. Patterson*
        204 F.3d 1206 (9th Cir. 1999)..................................................................8
28

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

4

*Marshall Naify Revocable Trust v. United States*
    672 F. 3d620 (9th Cir. 2012)................................................................5

5

6

*Montana v. United States*
    440 U.S. 147 (1979)............................................................................6

7

8

*Norfolk S. Corp. v. Chevron, U.S.A., Inc.*
    371 F.3d 1285 (11th Cir. 2004)..........................................................8

9

*Semtek Int'l Inc. v. Lockhead Martin Corp.*
    531 U.S. 497 (2001)............................................................................7

10

11

*Stewart v. U.S. Bancorp*
    297 F.3d 953 (9th Cir. 2002)..............................................................7

12

13

*Stroman v. W. Coast Grocery Co.*
    884 F.2d 458 (9th Cir. 1989)..............................................................9

14

15

*Tahoe-Sierra Pres. Council, Inc. Tahoe Reg'l Plan. Agency*, 322 F.3d
    1064, 1077 (9th Cir. 2003).........................................................*passim*

16

17

*Taylor v. Sturgell*
    553 U.S. 880 (2008)............................................................................6

18

19

*Turtle Island Restoration Network v. U.S. Dep't of State*
    673 F.3d 914 (9th Cir. 2012)..............................................................7

20

21

*U.S ex rel. Barajas v. Northrop Corp.*
    147 F.3d 905 (9th Cir. 1998)..............................................................8

22

*United States v. Liquidators of Eur. Fed. Credit Bank*
    630 F.3d 1139 (9th Cir. 2011)..........................................................10

23

24

*W. Sys., Inc. v. Ulloa*
    958 F.2d 864 (9th Cir. 1992)..............................................................7

25

26

*Wojciechowski v. Kohlberg Ventures, LLC*
    923 F.3d 685 (9th Cir. 2019)..............................................................8

27

28

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**STATUTES**

United States Code, Title 28
   § 1915A(a) ................................................................................5

Federal Rules of Civil Procedure
   Rule 12(b)(6) ...........................................................................5
   Rule 12(c) ................................................................................5

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   First Amendment ....................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Monrell D. Murphy ("Murphy"), a California inmate proceeding *pro se*, attempts to improperly relitigate his claims related to the alleged misclassification of his appeals while incarcerated at California State Prison – Los Angeles County, despite asserting, settling, and dismissing with prejudice, the same claims in a prior lawsuit.  Murphy's voluntary release of these claims in a prior settlement agreement, and the doctrine of claim preclusion, bar him from relitigating them in the instant action.

In Murphy's prior lawsuit, *Monrell D. Murphy v. S. Kern, et al.* ("*Kern*"), Case No. 2:18-10150-FLA-ADS (C.D. Cal.), he alleged that starting in November 2018, the Warden/Hiring Authority Defendant R. Johnson[1], and appeals coordinators,[2] including Defendant K. Estrada,[3] misclassified and rejected his staff misconduct appeals to cover-up staff misconduct perpetrated against him. (Request for Judicial Notice ("RJN") Ex. E at 44-47.)[4]  Likewise, in the instant action, Murphy alleges starting in November 2018, Warden/Hiring Authority R. Johnson,[5] and appeals coordinators K. Estrada[6] and A. Ojeda, misclassified and rejected his staff misconduct appeals to cover-up staff misconduct against him, in retaliation for exercising his right to submit appeals.  (*See* ECF No. 14 at 10-11.)

As part of a settlement agreement resolving three of Murphy's lawsuits including *Kern*, Murphy released Johnson, Ojeda, and Estrada ("Defendants") from "all claims, past, present and future, known or unknown, that arise or could arise / /

/ / /

---

[1] In *Monrell D. Murphy v. S. Kern, et al.* ("*Kern*"), Case No. 2:18-10150-FLA-ADS (C.D. Cal.), R. Johnson was erroneously named as R.C. Jhonson.
[2] In *Kern,* Murphy, also named appeals coordinator A. Ojeda, as a Defendant.
[3] In *Kern,* K. Estrada was erroneously named as E. Estrda.
[4] Page references refer to the Court's Electronic Case Filing page number unless specified otherwise.
[5] In the instant action, R. Johnson was erroneously named as R.C. Johnson.
[6] In the instant action, K. Estrada was erroneously named as E. Estrda.

1

from the facts alleged in the [*Kern*] Complaint," and voluntarily stipulated to dismiss Defendants with prejudice.  (*See* RJN Exs. G-K.)

Defendants therefore, respectfully move the Court, under Federal Rule of Civil Procedure 12(c), to dismiss this action in its entirety with prejudice.

## PLAINTIFF'S RELEVANT PRIOR LITIGATION

On December 6, 2018, Murphy initiated the *Kern* action.  (*See* RJN Ex. A.) He subsequently amended his complaint twice.  (*See* RJN Exs. B-E.)  Murphy's operative, verified, Second Amended Complaint was signed May 28, 2019, and filed July 16, 2019.  (*See* RJN Exs. C-E.)  The record shows that Murphy handed the Notice of Motion and Motion for Leave to File his Second Amended Complaint with the proposed pleading attached to prison officials to be mailed on May 28, 2019, and that it was stamped received by the court on May 31, 2019.  (RJN Ex. C at 3-4.)  The Court granted Murphy's Motion for Leave to File his Second Amended Complaint on July 16, 2019.  (*See* RJN Ex. D.)

In the Second Amended Complaint, Murphy claimed that starting in November 2018, at California State Prison-Los Angeles, Defendant Johnson the Warden and Hiring Authority, Defendant Estrada an appeals coordinator, and a non-defendant appeals coordinator in the instant action, misclassified and rejected his staff misconduct complaints to cover-up misconduct.  (*See* RJN Ex. E at 44-47.) Defendant Ojeda was also named in Murphy's Second Amended Complaint and identified as an appeals coordinator.  (*Id.* at 9.)  Specifically, Murphy's Second Amended Complaint set forth that on or about November 16, 2018, he filed an appeal complaining that his "appeals were being deliberately misclassified despite being prima facie staff misconduct complaints…" (*Id.* at 46.)  Murphy also asserted that on January 10, 2019, he filed an appeal alleging Defendant Estrada, and a non-defendant in the instant action, rejected and misclassified his staff misconduct complaints to cover up staff misconduct perpetrated against him.  (*See* RJN Ex. E at 47.)  Murphy complained that Defendant Johnson reviewed the appeal, and

1   determined that it did not meet the requirements of a staff complaint, then

2   Defendant Estrada rejected the appeal.  (*Id.*)  The appeals that Murphy alleges were

3   misclassified are referenced in his Second Amended Complaint by the alleged

4   submission dates which range from November 2, 2018 to January 10, 2019.  (*Id.* at

5   44-47.)  Murphy then transferred from California State Prison-Los Angeles County

6   to Mule Creek State Prison on or about January 19, 2019.  (*Id.* at 43.)

7        The Court reviewed the Second Amended Complaint, and in light of the

8   liberal pleading standards set forth in *Boag v. MacDougall*, 454 U.S. 364 (1982)

9   and *Haines v. Kerner*, 404 U.S. 519 (1972), as well as Murphy's *pro se* status,

10  determined that the allegations justified an order directing service of process on

11  Defendants including Johnson, Ojeda, and Estrada.   (RJN Ex. F at 1.)  Thereafter,

12  on May 12, 2021, Murphy participated in a settlement conference before the

13  Honorable Jeremy D. Peterson in the United States District Court, Eastern District

14  of California.  (RJN Ex. G.)  At the settlement conference, Murphy agreed to settle

15  three actions - *Kern*, *Monrell D. Murphy v. G. Jora, et al.* ("*Jora*"), Case No. 2:20-

16  cv-01726-KJM-DMC (E.D. Cal.), and *Monrell D. Murphy v. P. Covello, et al.*

17  ("*Covello*"), Case No. 2:20-cv-01737-WBS-DMC (E.D. Cal.) – and placed the

18  settlement on the record.  (*Id.*)   On May 18, 2021, Murphy executed a settlement

19  agreement including the *Kern*, *Jora*, and *Covello* actions.  (RJN Ex. I.)  The

20  settlement agreement, in relevant part, provides:

21
22          It is the intention of the parties in signing this Agreement that it shall
            be effective as a full and final accord and satisfaction and release from
23          all claims asserted in the Complaint.  By signing this Agreement,
            **Plaintiff releases** CDCR, **Defendants**, whether named or unnamed
24          and whether served or unserved, and any other past or current CDCR
            employees **from all claims, past present and future, known or**
25          **unknown, that arise or could arise from the facts alleged in the**
            **Complaint**.
26
27  / / /

28  / / /

3

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542. . . (*Id*.) (emphasis added); *See* Cal. Civ. Code § 1542.

Murphy stipulated to dismiss the *Kern* action with prejudice, including Defendants Johnson, Ojeda, and Estrada, through a Joint Stipulation for Voluntary Dismissal with Prejudice filed on May 19, 2021.  (RJN Ex. J.)  The Court granted the Stipulation on May 24, 2021, and dismissed the action in its entirety as to all parties with prejudice.  (RJN Ex. K.)

## THE INSTANT ACTION

In June 2019, Murphy initiated the instant action against Defendants Johnson, Estrada, and Ojeda.  (*See* ECF No. 1.)  Murphy amended his complaint twice and the operative complaint is the Second Amended Complaint.  (*See* ECF Nos. 7, 14.)  In his Second Amended Complaint, Murphy asserts that beginning on or about November 15, 2018, at California State Prison-Los Angeles, Defendant Warden/Hiring Authority-Johnson, and Defendant Appeals Coordinators-Estrada and Ojeda, rejected his staff misconduct appeals as routine appeals in retaliation for his filing prison grievances, to cover up staff misconduct.  (*See* ECF No. 14 at 10-11.)

Murphy attaches to his Second Amended Complaint Exhibits A-S, which he alleges chronicle Defendants' actions.  (*Id*. at 17-165.)  Exhibit G to the Second Amended Complaint is Murphy's appeal log no. LAC-D-18-06121 dated submitted November 16, 2018.  In this appeal, Murphy claims that the appeals coordinators are protecting staff by not classifying his appeals as staff misconduct complaints.  (*See Id*. at 84-87.)  Exhibit H to the Second Amended Complaint is Murphy's appeal log no. LAC-D-19-00422 dated submitted on January 10, 2019.  In this appeal, Murphy again alleges his staff complaints are being misclassified to cover up staff misconduct by shielding officers from review by the hiring authority.  (*See Id*. at 88-92.)  The appeals attached by Murphy to the Second Amended Complaint

have a date submitted range from October 17, 2018 to March 19, 2019. (*See Id.* at 24-165.)

The Court screened Murphy's Second Amended Complaint under 28 U.S.C. § 1915A(a) and found that liberally construed, he alleged a cognizable First Amendment claim for retaliation against Defendants Johnson, Ojeda, and Estrada. (ECF No. 24 at 2.)

## LEGAL STANDARD

"After the pleadings are closed-but early not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States,* 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the same standard. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing").

Judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not a "probability requirement, but it asks for more than a possibility that a defendant has acted unlawfully." *Id.* "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. United States*, 672 F. 3d620, 623 (9th Cir. 2012). When considering a motion for

judgment on the pleadings, a court may consider facts that are contained in materials of which the court may take judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

# ARGUMENT

**I. CLAIM PRECLUSION BARS RELITIGATING CLAIMS AFTER THEY WERE DISMISSED WITH PREJUDICE AND AFTER THEY WERE RELEASED AS PART OF A SETTLEMENT AGREEMENT.**

**A. Claim Preclusion Bars Claims That Were or Could Have Been Finally Litigated in a Prior Action.**

"The preclusive effect of a federal-court judgment is determined by federal common law" and "is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 891-92 (2008). Under claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892. (internal quotation marks omitted). Claim preclusion, along with issue preclusion, defends against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 327 (9th Cir. 1995). It is met when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

The first element of claim preclusion addresses identity of claims. The question of whether two actions share an identity of claims "depends on whether they are related to the same set of facts and whether they could conveniently be

tried together." *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) *cert. denied,* 506 U.S. 1050 (1993).  The fact that claim preclusion "depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra,* 322 F.3d at 1077-78.  "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* at 1078.

In determining whether a successive action involves "an identity of claims," courts consider the following factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

"[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the previous action." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (quoting *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)).  Even if different evidence may be presented in the second action, that difference does not foreclose a conclusion that the actions share an identity of claims.  *Int'l Union of Operating Eng'rs. v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993).

The second element of claim preclusion requires a final judgment on the merits. "Dismissal with prejudice" is interchangeable with "final judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001).  An action that is voluntarily dismissed with prejudice has preclusive effect to the claims and

1  issues asserted in the action because it is a final judgment on the merits. *Int'l*

2  *Union,* 994 F.2d at 1429 (holding voluntary dismissal with prejudice was a "final

3  judgment on the merits" preventing reassertion of same claim in subsequent action).

4      The final claim preclusion element is privity of parties.  Privity of parties "is a

5  flexible concept dependent on the particular relationship between the parties in each

6  individual set of cases." *Tahoe-Sierra*, 322 F.3d at 1081-82.  "Even when the

7  parties are not identical, privity may exist if there is substantial identity between

8  parties, that is, when there is sufficient commonality of interest." *Id*. at 1081.

9      **B.   A Settlement Agreement Modifies the Claim Preclusion**
           **Analysis.**
10

11     When parties stipulate to a dismissal based on a settlement agreement, the

12  traditional claim preclusion analysis is altered because the preclusive effect applies

13  to matters specified in the settlement agreement, rather than the original complaint.

14  *Norfolk S. Corp. v. Chevron, U.S.A., Inc*., 371 F.3d 1285, 1288 (11th Cir. 2004);

15  *U.S ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905, 911 (9th Cir. 1998) (holding

16  that the terms of a settlement agreement can alter the scope of preclusive effect of a

17  dismissal with prejudice).  When a court dismisses an action because of a

18  settlement, "[t]he settlement and release become a 'final judgment' and 'not simply

19  a contract entered into by. . .private parties.'" *Wojciechowski v. Kohlberg Ventures,*

20  *LLC*, 923 F.3d 685, 690-91 (9th Cir. 2019) (quoting *Grimes v. Vitalink Commc'ns*

21  *Corp.*, 17 F.3d 1553, 1557 (3d. Cir. 1994)).

22     To determine the preclusive effect of a dismissal with prejudice entered in

23  accordance with a settlement agreement, courts look to the intent of the settling

24  parties.  *Wojciechowski*, 923 F.3d at 690 (quoting *Norfolk*, 371 F.3d at 1289)

25  (ellipses and brackets from original).  "Contract terms are to be given their ordinary

26  meaning, and when the terms of a contract are clear, the intent of the parties must

27  be ascertained from the contract itself." *Klamath Water Users Protective Ass'n*

28  *v.Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), as amended on denial of reh'g,

203 F.3d 1175 (9th Cir. 2000).  A settlement "agreement need not specifically recite the particular claims waived in order to be effective." *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989).

## II.   MURPHY RELEASED CLAIMS ASSERTED IN THIS ACTION WHEN HE VOLUNTARILY AGREED TO SETTLE *KERN*.

The settlement agreement resolving *Kern* bars Murphy's litigation of his retaliation claim in this action.  The settlement agreement is clear.  It is the manifestation of Defendants' and Murphy's intent to release all claims, that arise or could arise from the set of facts alleged in the *Kern* complaint.  Because the claims in this action arise from the same set of facts alleged in the *Kern* complaint, the *Kern* settlement agreement bars this action's continued litigation.

In *Kern*, Murphy claimed starting in November 2018, at California State Prison-Los Angeles, Defendants Johnson and Estrada misclassified and rejected his staff misconduct complaints to cover up misconduct.  (*See* RJN Ex. E at 44-47.)  Defendant Ojeda was also named in Murphy's Kern action and identified as an appeals coordinator.  (*Id*. at 9.)  The same claim forms the essence of this action.  Here, Murphy claims that beginning in November 2018, at California State Prison-Los Angeles, Defendants Johnson, Ojeda, and Estrada rejected his staff misconduct appeals, as routine appeals, in retaliation for his filing prison grievances, to cover up staff misconduct.  (*See* ECF No. 14 at 10-11.)  Murphy specifically references in both *Kern* and the instant action, his grievances submitted November 16, 2018 and January 10, 2019.  (*See* RJN Ex. E at 46-47; ECF No. 14 at 10-11, 84-87, 88-92.)  In those grievances he alleges that his staff complaints are being misclassified to cover up staff misconduct.  (*Id*.)

The scope of the *Kern* settlement agreement is clear.  Murphy released Defendants Johnson, Ojeda, and Estrada "from all claims, past present and future, known or unknown, that arise or could arise from the facts alleged in the Complaint."  (RJN Ex. I.)  Because the claims raised by Murphy in the instant

9

1  action, arise from facts alleged in the *Kern* Complaint, the *Kern* settlement

2  agreement bars their litigation, and the Court should dismiss this action with

3  prejudice.

4      **III.  THE COURT SHOULD DISMISS THIS ACTION BECAUSE MURPHY ALREADY BROUGHT AND DISMISSED WITH PREJUDICE HIS CLAIMS IN THIS ACTION.**

5

6      Even if the Court concludes that Murphy's release of all past, present, and

7  future claims that arise or could arise in *Kern* does not bar his litigation of this

8  lawsuit, the doctrine of claim preclusion does.  And here, each of the three elements

9  of res judicata (claim preclusion) are satisfied: (1) an identity of claims, (2) a final

10  judgment on the merits, and (3) privity between parties. *United States v.*

11  *Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

12           **A.    Murphy's Claims in Both Actions Share an Identity of Claims.**

13

14      Murphy's claims in *Kern* and the instant action share an identity of claims.  A

15  comparison of Murphy's claims in *Kern* and this action show that in both actions he

16  alleged Defendants misclassified his staff complaints to cover up staff misconduct.

17  There is no question that the claims raised in the instant action, could have been

18  raised in *Kern*.

19      *Kern* and the current lawsuit are related to the same transactional nucleus of

20  facts.  In both lawsuits, there are a core set of allegations taking place during a close

21  time frame which relate to the alleged misclassification of staff complaints by the

22  Warden/Hiring Authority and Appeals Coordinators.  In *Kern*, Murphy references

23  allegedly misclassified appeals by submission dates which range from November 2,

24  2018 to January 10, 2019.  In the instant action Murphy attaches appeals with dates

25  submitted that range from October 17, 2018 to March 19, 2019.  (*See* RJN Ex. E at

26  44-47; ECF No. 14 at 24-165.)  Murphy's operative Second Amended Complaint in

27  *Kern,* was signed on May 28, 2019, and filed July 16, 2019.  (*See* RJN Exs. C-E.)

28  The record shows that Murphy handed the Notice of Motion and Motion for Leave

1   to File his Second Amended Complaint with the proposed pleading attached to
2   prison officials to be mailed on May 28, 2019, and that it was stamped received by
3   the Court on May 31, 2019.  (RJN Ex. C at 3-4.)  On May 28, 2019, Murphy was
4   aware of the facts which form the basis of his underlying claims against
5   Defendants.

6        Thus, the instant claims are such that they were or could have been raised in
7   the *Kern* lawsuit, and therefore there is an identity of claims.  Although Murphy
8   advances his claim in *Kern* under a conspiracy cause of action, and his claim here
9   under a retaliation cause of action, he cannot "avoid preclusion by attaching a
10  different legal label to an issue that has, or could have, been litigated." *Tahoe-*
11  *Sierra,* 322 F.3d at 1077-1078.  Both actions fundamentally claim that Defendants
12  misclassified his staff complaints.  And most importantly, the voluntary dismissal
13  with prejudice signed by Murphy and ordered in the *Kern* action, was a dismissal of
14  the entire action, not any specific limited claim or defendant.

15              **B.    Murphy's Prejudicial Dismissal of *Kern* Is a Final**
16                      **Judgment on the Merits.**

17       The *Kern* action reached a final judgment on the merits because it resulted in a
18  settlement agreement where Murphy agreed to dismiss with prejudice three cases,
19  including *Kern*.  (*See* RJN G-K.)  The record shows that, as agreed, Murphy
20  executed a voluntary dismissal with prejudice in the *Kern* action.  Therefore, the
21  previous lawsuit resulted in a final judgment on the merits.  *Int'l Union,* 994 F.2d at
22  1429.  (*See* RJN J-K.)

23              **C.    Murphy's Current Claims Involve the Same Parties in**
24                      ***Kern*.**

25       The instant action and *Kern* involve the same parties.  Both actions identify
26  Defendant Johnson as the Warden/Hiring Authority, and Defendants Ojeda and
27  Estrada as Appeals Coordinators.  However, in *Kern* although Ojeda is named and
28  identified as an appeals coordinator, her name does not appear again in the body of

1  the Second Amended Complaint.  Notwithstanding, there is no question of privity.

2       The Ninth Circuit has defined privity in the res judicata context as "a legal

3  conclusion 'designating a person so identified in interest with a party to former

4  litigation that he represents precisely the same right in respect to the subject matter

5  involved.'"  *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest*

6  *Airlines Co. v. Texas Int'l Airlines, Inc*., 546 F.2d 84, 94 (5th Cir. 1977)).  Privity

7  exists if there is sufficient commonality of interest between the parties.  *Tahoe-*

8  *Sierra,* 322 F.3d at 1081.   Here, Murphy is undisputedly the complainant in both

9  actions.  In the *Kern* action, Murphy named Johnson, Ojeda, and Estrada as

10  defendants, who again are also named in the instant action.  (*See* ECF No. 14 at 10-

11  11; RJN Ex E. at 9, 44-47.)  Defendants were employed at California State Prison-

12  Los Angeles County at the time of the alleged events that occurred between

13  November 2018 and March 2019.  (*See* ECF No. 14 at 10-11, 17-165; RJN Ex. E at

14  9, 44-47.)  Moreover, in both lawsuits, Murphy's allegations are that Defendants

15  misclassified his staff complaints to cover up staff misconduct.  (*See* ECF No. 14 at

16  10-11; RJN Ex. E at 9, 44-47.)

17       Thus, not only are the parties identical, but there is a sufficient commonality

18  of interest to establish privity.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

**CONCLUSION**

2          Murphy is attempting to relitigate claims in this action that he voluntarily

3   released in the *Kern* action related to the alleged misclassification of his staff

4   complaints from late 2018 to early 2019, while he was incarcerated at California

5   State Prison-Los Angeles County.  The *Kern* settlement agreement mandates the

6   dismissal of this action, as does the doctrine of claim preclusion.  Accordingly,

7   Defendants respectfully request the Court grant their Motion for Judgment on the

8   Pleadings, and dismiss this action with prejudice.

9

10  Dated:  March 18, 2022                    Respectfully submitted,

11                                             ROB BONTA
                                               Attorney General of California
12                                             JANET N. CHEN
                                               Acting Supervising Deputy Attorney General
13

14

15                                             */s/Sarah E. Singer*
                                               SARAH E. SINGER
16                                             Deputy Attorney General
                                               *Attorneys for Defendants K. Estrada, R.*
17                                             *Johnson and A. Ojeda*

    LA2021801927
18  83321514.docx

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Case Name:   **Monrell D. Murphy v. R. Diaz, et al.**   Case No.   **2:19-cv-05034-VBF-ADS**

I hereby certify that on <u>March 18, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 18, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Monrell D. Murphy
CDCR No.: P-24634
California Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

*Plaintiff In Pro Se*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 18, 2022</u>, at San Diego, California.

| | |
|---|---|
| C. Ramirez | *C. Ramirez* |
| Declarant | Signature |

LA2021801927
83321499.docx