UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MONRELL D. MURPHY,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>R. DIAZ, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:19-cv-05034 VBF (ADS)<br><br>**ORDER ADOPTING R and R:**<br><br>**Granting Document #47 (Defendant's Motion for Judgment on the Pleadings)**<br><br>**Directing Entry of Separate Judgment**<br><br>**Terminating Case (JS-6)** |
|---|---|

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Civil Rights Complaint, Defendants' Motion for Judgment on the Pleadings, the Report and Recommendation of United States Magistrate Judge, and Plaintiff Monrell D. Murphy's Objections to the Magistrate's Report and Recommendation. The Court has reviewed <u>de novo</u> those portions of the Report and Recommendation to which objections were made. Plaintiff's objections are overruled as explained below.

　　　Plaintiff argues the settlement agreement from <u>Murphy v. Kern</u>, Case No. 2:18-cv-10150 FLA (ADS), does not preclude him from asserting the First Amendment

1  claim in this case because the settlement agreement is void under California Civil Code
2  § 1668 ("Section 1668").  Section 1668 provides that "[a]ll contracts which have for their
3  object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or
4  willful injury to the person or property of another, or violation of law, whether willful or
5  negligent, are against the policy of the law."  Cal. Civ. Code § 1668.  Plaintiff contends
6  the settlement agreement is void under Section 1668 because it waives Defendants'
7  liability for allegedly violating his First Amendment rights.
8         Plaintiff's reliance on Section 1668 is unavailing, however, because the statute
9  voids only those contracts that waive liability for future violations of the law.  See, e.g.,
10 SI 59 LLC v. Variel Warner Ventures, LLC, 239 Cal. Rptr. 3d 788, 794 (Cal. Ct. App.
11 2018) ("We are not aware of any case law applying section 1668 to torts where all
12 elements are past events . . . the weight of authority recogniz[e] that section 1668 applies
13 only to concurrent or future torts."); Watkins v. Wachovia Corp., 92 Cal. Rptr. 3d 409,
14 417 (Cal. Ct. App. 2009) ("[Section 1668] is meant to prohibit contracts releasing
15 liability for *future* torts not to prohibit settlements of disputes relating to past conduct.")
16 (citation omitted); Luciani v. Luciani, No. 10-CV-2583-JM (WVG), 2011 WL 3859707, at
17 *5 (S.D. Cal. Sept. 1, 2011) ("However, Plaintiffs overlook the fact that the contracts
18 referred to in § 1668 are those that relate to the release of liability for *future*
19 wrongdoing.").  Here, the settlement agreement in Kern does not waive Defendants'
20 liability for future violations of his constitutional right but rather settles a claim and
21 releases liability relating to the parties' past conduct.  Section 1668 does not void the
22 settlement agreement, which is the basis for the ruling on the Motion for Judgment on
23 the Pleadings.
24

Accordingly, the Court accepts the findings and recommendations of the Magistrate Judge, and IT IS HEREBY ORDERED:

1. The Report and Recommendation is accepted, (Dkt. No. 54);

2. Defendants' Motion for Judgment on the Pleading is granted, (Dkt. No. 47); and

3. Judgment is to be entered accordingly.

DATED: September 16, 2022                    /s/ Valerie Baker Fairbank
                                             _____
                                             THE HON. VALERIE BAKER FAIRBANK
                                             Senior United States District Judge